# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Respondent, | ) | |
| vs. | ) | Case No. CR-11-385-M |
| | ) | (CIV-16-722-M) |
| JASON MITCHELL ABBO, | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Jason Mitchell Abbo ("Abbo"), a federal prisoner, filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 on June 25, 2016. On August 22, 2016, plaintiff-respondent United States of America filed its response, and on October 29, 2016, Abbo filed his reply.

I.     Introduction

On December 13, 2011, a grand jury returned an Indictment charging Abbo with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, the jury returned a verdict of guilty. On June 21, 2012, the United States Probation Office released its revised presentence investigation report ("PSR"). The PSR stated that Abbo qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA") based upon the following prior convictions: (1) Oklahoma County District Court Juvenile Division Case No. JDL-02-1119 – possession of a controlled dangerous substance with intent to distribute in violation of Okla. Stat. tit. 63, § 2-402; (2) Oklahoma County District Court Case No. CF-2004-5069 – possession of a controlled dangerous substance with intent to distribute (methamphetamine) in violation of Okla. Stat. tit. 63, § 2-401(B)(1), and conspiracy for unlawful distribution of controlled dangerous substance in violation of Okla. Stat. tit. 63, § 2-408; (3) Oklahoma County District Court Case No.

CF-2007-189 – domestic abuse by strangulation in violation of Okla. Stat. tit. 21, § 644(H), and burglary in the first degree in violation of Okla. Stat. tit. 21, § 1431; and (4) Oklahoma County District Court Case No. CF-2007-3486 – domestic abuse (assault and battery) in violation of Okla. Stat. tit. 21, § 644(C). On September 6, 2012, this Court sentenced Abbo to 180 months of imprisonment under the ACCA. Abbo filed a notice of appeal, and on May 30, 2013, the United States Court of Appeals for the Tenth Circuit affirmed Abbo's conviction and sentence.

II.   Discussion

In his § 2255 motion, Abbo asserts that in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal under the ACCA sentencing enhancement and that his sentence should be vacated. While Abbo agrees that his conviction in Oklahoma County District Court Case No. CF-2004-5069 is a "serious drug offense" and qualifies as one predicate offense for purposes of the ACCA enhancement and that his conviction in Oklahoma County District Court Case No. CF-2007-189 qualifies as one predicate offense for purposes of the ACCA enhancement, Abbo contends that neither one of his other two convictions qualifies as a predicate offense for purposes of the ACCA enhancement.

The ACCA provides:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection –
>     (A) the term "serious drug offense" means –

> > (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Expert Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
> > (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
> 
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; and
> 
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C. § 924(e).[1]

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, the Supreme Court held that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* It also does not affect the ACCA's definition of a serious drug offense.

---

[1]The italicized language has come to be known as the ACCA's residual clause.

Abbo asserts that his juvenile conviction for possession of a controlled dangerous substance with intent to distribute does not qualify as a predicate offense for purposes of the ACCA enhancement because it was a juvenile conviction. Abbo, however, cites to no case law supporting his assertion that juvenile convictions cannot qualify as serious drug offenses under the ACCA. Further,

> [this] position is . . . contrary to the plain language of the ACCA, which provides a mandatory 15-year sentence based on three previous convictions "for a violent felony or serious drug offense." 18 U.S.C. § 924(e)(1). The definition of serious drug offense contains no exceptions for juveniles; it is based entirely on the maximum term of imprisonment prescribed by law. *See id.* § 924(e)(2)(A). In contrast, "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use of or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, [involving physical force or certain specific crimes]." *Id.* § 924(e)(2)(B).
> . . . The ACCA's differing definitions show that Congress knows how to include or exclude juvenile status when it so desires. It made a choice, when defining violent felonies, to include juvenile delinquencies only when they involve certain dangerous weapons, thereby excluding schoolyard brawls and other unarmed altercations that could be prosecuted as violent felonies if committed by adults. In contrast, juvenile convictions for serious drug offenses do not need special treatment because the requirement that they be punishable by 10 years' imprisonment – ten times the sentence length for a violent felony – ensures they are sufficiently grave to justify the ACCA's 15-year minimum sentence.

*United States v. Coleman*, 656 F.3d 1089, 1092-93 (10th Cir. 2011). *See also Smith v. United States*, No. 16-1122, 2016 WL 9413661, at *2 (6th Cir. Sept. 15, 2016) ("Juvenile convictions may qualify as predicate offenses under the ACCA."); *United States v. Johnson*, 570 F. App'x 852, 857 (11th Cir. 2014) ("prior convictions during the defendant's adolescence still count under the ACCA"). Additionally, to support his position, Abbo relies on United States Sentencing Guidelines § 4A1.1(b). By its own terms, however, this provision is not relevant to whether

4

Abbo's juvenile conviction is a predicate offense under the ACCA; whether an offense merits a criminal history point under the Sentencing Guidelines is a separate question from whether it is recognized under the ACCA.

Accordingly, the Court finds that Abbo's juvenile conviction for possession of a controlled dangerous substance with intent to distribute does qualify as a predicate offense for purposes of the ACCA enhancement and that Abbo, therefore, would have three qualifying convictions and would be an armed career criminal under the ACCA.[2]  The Court, thus, finds that Abbo is not entitled to relief.

III.    Evidentiary Hearing

As set forth above, Abbo's motion does not set forth a basis for relief from his conviction or sentence.  Because that determination is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion.  *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Abbo's Motion to Vacate Sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED this 2nd day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has found that Abbo has three qualifying convictions, the Court declines to address whether his conviction in Oklahoma County District Court Case No. CF-2007-189 for domestic abuse (assault and battery) would qualify as a predicate offense for purposes of the ACCA enhancement.